THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE JEWEL-
ERS' CIRCULAR PUBLISHING COMPANY, Appellant, *v.* JAMES
A. ROBERTS, as Comptroller of the State of New York,
Respondent.

1. CORPORATIONS — FRANCHISE TAX — "MANUFACTURING." *Quære,*
whether printing and publishing a newspaper is "manufacturing," within
the meaning of the exemption in the Corporation Franchise Tax Act (L.
1880, ch. 542, amd. L. 1890, ch. 522).

2. PUBLISHING NEWSPAPER PRINTED BY ANOTHER'S PLANT. A corpo-
ration which publishes a newspaper, but does not own or operate any
plant for printing it, and takes no part in the work of printing further
than to have a foreman who watches the work as it progresses in the hands
of a contractor by whom the type is set and the paper printed at a price
agreed upon, is not a "manufacturing" corporation, within the meaning
of the exemption in the Franchise Tax Act.

3. BASIS OF TAX. In applying the provision of the Franchise Tax Act
(L. 1880, ch. 542, amd. L. 1890, ch. 522), that when the dividends declared
by a corporation during the tax year "amount to six or more than six per
centum upon the par value of its capital stock, then the tax to be at the
rate of one-quarter mill upon the capital stock for each one per centum of
dividends," the tax is properly assessed upon the capital stock at its par
value, as distinguished from appraised capital.

*People ex rel. Jewelers' Circular Publishing Co.* v. *Roberts,* 19 App. Div
632, affirmed.

(Argued January 10, 1898; decided January 18, 1898.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered July
15, 1897, affirming, on certiorari, the determination of the comp-

1

troller of the state of New York in assessing a franchise tax against the relator.

The facts, so far as material, are stated in the opinion.

*John B. Green* for appellant.  The relator was "wholly engaged in carrying on manufacturing within this state." The making of newspapers or books is manufacturing. (*Comm.* v. *J. B. Lippincott Co.*, 156 Penn. St. 513; *Comm.* v. *Mann. Co.*, 150 Penn. St. 64; *Byers* v. *F. C. Co.*, 106 Mass. 131; *People* v. *K. I. Co.*, 99 N. Y. 181; *Tone* v. *Doelger*, 6 Robt. 251; *Bailey* v. *Schell*, 5 Blatchf. 195; *Schriefer* v. *Wood*, 5 Blatchf. 215; *Lawrence* v. *Allen*, 7 How. [U. S.] 785; *People ex rel.* v. *Wemple*, 129 N. Y. 543; *Comrs.* v. *K. B. Co.*, 156 Penn. St. 500; *City of New Orleans* v. *Le Blanc*, 34 La. Ann. 596.)  The relator having furnished the comptroller, upon the rehearing, a complete inventory of its gross assets and of its liabilities, its liabilities should be deducted from its gross assets to ascertain the capital stock of relator employed in this state. (*People ex rel.* v. *Wemple*, 138 N. Y. 582; *Williams* v. *W. U. T. Co.*, 93 N. Y. 188; *People ex rel.* v. *Coleman*, 126 N. Y. 433; *People ex rel.* v. *Roberts*, 154 N. Y. 101.)  If not wholly engaged in manufacturing to the amount of its capital employed, the relator is wholly so engaged to the percentage of its capital employed directly by it, and should be so exempted. (*People ex rel.* v. *Campbell*, 144 N. Y. 166.)

*Theodore E. Hancock* for respondent.  There was no over valuation by the comptroller of the capital stock of the relator. (L. 1880, ch. 542, § 3; *People ex rel.* v. *Roberts*, 4 App. Div. 337; *People ex rel.* v. *Wemple*, 129 N. Y. 564; *People ex rel.* v. *Roberts*, 154 N. Y. 101; L. 1892, ch. 688, § 42; L. 1892, ch. 677; *Longman* v. *Tripp*, 2 Bos. & P. [N. R.] 67; *Hageman & Co.* v. *Hageman*, 8 Daly, 1; *Morgan* v. *Perhannis*, 36 Ohio St. 507; *Van Vleet* v. *Jones*, 75 Hun, 340; *Van Cott* v. *Van Brunt*, 82 N. Y. 535; *People ex rel.* v. *Roberts*, 19 App. Div. 574.)  The determination of the comptroller, unless clearly shown to have been erroneous, will

1898.] Peo. ex rel. Jewelers' Publishing Co. *v.* Roberts. 3

N. Y. Rep.]    Opinion of the Court, per Haight, J.

not be disturbed. (*People ex rel.* v. *Campbell*, 145 N. Y. 591; *People ex rel.* v. *Wemple*, 129 N. Y. 558; *People ex rel.* v. *Wemple*, 138 N. Y. 582.) The business of printing and publishing a newspaper is not manufacturing, and the relator was not engaged in carrying on manufacturing in this state nor entitled to exemption from taxation on its franchise. (*E. J. Assn.* v. *State Bd. of Assrs.*, 47 N. J. L. 36; *People ex rel.* v. *Roberts*, 145 N. Y. 375; *Frazee* v. *Moffit*, 20 Blatchf. 269; *Hartranft* v. *Wiegmann*, 121 U. S. 609; *United States* v. *Potts*, 5 Cranch, 284; *United States* v. *Wilson*, 28 Fed. Cas. 724; *Byers* v. *F. C. Co.*, 106 Mass. 131; *Dudley* v. *J. P. A. Corpn.*, 100 Mass. 183; *People* v. *K. I. Co.*, 99 N. Y. 181.)

Haight, J. The appellant is the publisher of a weekly paper known as "The Jewelers' Circular and Horological Review," and now seeks to be relieved from the franchise tax assessed by the comptroller, upon the ground that it is a manufacturing corporation within the meaning of the statute, and, therefore, exempt from the payment of the tax assessed. Upon the argument of this appeal it was contended that the publishing of a newspaper by a corporation, or a joint stock company, was manufacturing. An interesting discussion has taken place on this question in the courts of sister states, resulting in a conflict of views. While we have given the question some attention, we have reached the conclusion that we are not called upon to determine it in this case. Upon the assumption that the printing of a newspaper is manufacturing within the meaning of the statute, the relator would still be entitled to no relief. It does not own or operate any plant for the printing of its paper. The type is set and the paper printed by third persons at a price agreed upon, and no part of the work is done by the relator, farther than to have a foreman who overlooks and watches the work as it progresses in the hands of the contractor. This does not constitute the relator a manufacturer.

The comptroller, in taxing the relator, imposed the rate of one-quarter of a mill for each one per centum of the divi-

dends declared upon its capital stock at its par value. It is now contended that the comptroller adopted an improper basis of assessment. The statute provides that "Every corporation * * * shall be liable to and shall pay a tax, as a tax upon its franchise or business, into the state treasury annually, to be computed as follows: If the dividend * * * declared * * * during any year ending with the first day of November, amount to six or more than six per centum upon the *par value* of its capital stock, then the tax to be at the rate of one-quarter mill upon the capital stock for each one per centum of dividends so made or declared; or if no dividend be made or declared, or if the dividend or dividends made or declared do not amount to six per centum upon the par value of said capital stock, then the tax to be at the rate of one and one-half mills upon each dollar of the valuation of the said capital stock, made in accordance with the provisions of the first section of this act." (L. 1880, ch. 542, as amended by L. 1890, ch. 522.) It will be observed that when the tax is based upon dividends, it is upon the capital stock at par value, but, when no dividends have been declared, it must be assessed upon the appraised capital. It appears to us that the meaning of this statute is clear. The distinction made between share stock and capital stock in other cases in the construction of other statutes is in this statute fully recognized. Capital stock on its par value is known in other cases as share stock, while appraised capital is known as capital stock. (*People ex rel. Singer Mfg. Co.* v. *Wemple*, 78 Hun, 63; affirmed, 150 N. Y. 46; *People ex rel. A. C. & D. Co.* v. *Wemple*, 129 N. Y. 558, 564; *People ex rel. Wiebusch and Hilger Co.* v. *Roberts*, 154 N. Y. 101.) Our conclusion, therefore, is that the relator is not exempt from the payment of the tax, and that the comptroller did not adopt an erroneous basis in levying the same.

The order appealed from should, therefore, be affirmed, with costs.

All concur, except O'Brien, J., not voting, and Bartlett, J., not sitting.

Order affirmed.