## Commonwealth *v.* Williamsport Rail Company, Appellant.

*Taxation — Corporations — Capital stock tax — Manufacturing company.*

A corporation engaged exclusively in purchasing raw material and paying another corporation to convert it into a manufactured product, is not engaged in manufacturing within the meaning of the acts of assembly exempting from taxation so much of the capital stock of a corporation as is exclusively employed in carrying on manufacturing within the State.

Argued May 25, 1915. Appeal, No. 18, May T., 1915, by the Williamsport Rail Company, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1913, No. 24, on submission to court without a jury, in case of Commonwealth of Pennsylvania v. Williamsport Rail Company. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Appeal from settlement of capital stock tax by auditor general and state treasurer.

MCCARRELL, J., filed the following opinion:

The defendant company is a corporation chartered by the State of Delaware, May 8, 1910, for the purpose of manufacturing light steel rails and other steel products. It registered and began doing business in Pennsylvania November 13, 1910. Its authorized capital is $100,000, and $12,000 thereof was paid in cash prior to the first Monday of November, 1911. During the year ending upon that day it had no plant of its own. It purchased

raw material, which was manufactured into steel rails and other products by the Sweets Steel Company for an agreed compensation, the rails and other products belonging exclusively to the defendant company, which sold the same and received the proceeds. The account-ing officers have appraised the capital stock at $13,749, and on January 10, 1913, settled a tax of $65.87 upon this value. The defendant appealed, claiming that it was incorporated as a manufacturing company and that its capital was actually and exclusively employed in carrying on the business of manufacturing, and was therefore exempt from taxation. This is the sole ques-tion to be determined here. Trial by jury has been duly waived, and we find the facts to be as above stated.

### DISCUSSION.

The purpose of our statutes relieving manufacturing companies and the capital employed by them in manu-facturing was to encourage the investment of capital in manufacturing plants and the carrying on of manufac-turing business in Pennsylvania. The Act of June 30, 1885, P. L. 193, in express terms abolished the tax upon corporations organized exclusively for manufacturing purposes, but the courts held that this did not entirely relieve the corporations from payment of tax upon all capital stock, but only so much thereof as was exclusive-ly employed in manufacturing enterprises. Following the decisions of our courts the latter statutes have care-fully restricted the exemption to so much of the corpo-rate capital as is actually and exclusively employed in carrying on the business of manufacturing within the State. The Act of June 8, 1893, P. L. 353, imposes a tax upon the capital stock of all corporations, but stipulates that the provisions thereof "shall not apply to the taxa-tion of so much of the capital stock of corporations; limited partnerships or joint stock associations organ-ized for manufacturing purposes as is invested in and

actually and exclusively employed in carrying on manufacturing within the State....... But every manufacturing corporation, limited partnership or joint stock association shall pay the State tax of five mills herein provided upon such proportion of its capital stock as may be invested in any property or business not strictly incident and appurtenant to its manufacturing business. ......It being the object of this proviso to relieve from State taxation only so much of the capital stock as is invested purely in the manufacturing plant and business." The corporation seeking exemption from tax upon its capital stock must bring itself clearly within the exceptions mentioned in the taxing statute. The burden is upon it to show that the necessary conditions exist entitling it to exemption. In the present case it is clearly shown by the testimony of the officers of the defendant company that no part of its capital stock is invested in a manufacturing plant, and that no part thereof is actually employed in doing the business of manufacturing. Buying raw material and sending the same to a company owning a plant, and paying that company an agreed price to shape the raw material into a manufactured product is not carrying on the business of manufacturing within the State as contemplated by our laws. The Sweets Steel Company, which turned the raw material purchased by the defendant company into the desired manufactured product doubtless obtained exemption from tax upon so much of its capital stock as was actually invested and used in its plant and manufacturing business, and to allow a like exemption to the defendant company upon the theory that it also manufactured the product which was sold by it would be granting an exemption not contemplated by our laws. The entire capital of the defendant company was employed in the purchasing of raw material and paying another corporation for manufacturing the raw material into the rails and other product, which the defendant desired to sell. This was carrying on nothing more than

a mercantile business, although the defendant company was incorporated as a manufacturing corporation. We are of opinion that the defendant company has not brought itself within any of the exceptions mentioned in the taxing statute and that it is liable to the payment of the capital stock tax as settled by the accounting officers on June 10, 1913. We have therefore reached the following

### CONCLUSIONS:

1. The Commonwealth is entitled to recover the capital stock tax settled against the defendant company on June 10, 1913, amounting to ................. $65.87

Interest June 10, 1913, to March 12, 1915, .... 6.92

$72.79

Attorney general's commission, 5 per cent. .... 3.64

Total due the Commonwealth, ............ $76.43

The case was tried without a jury under the provisions of the Act of April 22, 1874, P. L. 109.

The court directed judgment to be entered in favor of the plaintiff for $76.43. The Williamsport Rail Company appealed.

*Errors assigned* were in dismissing exceptions to various findings of the trial judge and the judgment of the court.

*Paul G. Smith,* of *Snodgrass & Smith,* for appellant.

*Wm. M. Hargest,* Deputy Attorney General, with him *Francis Shunk Brown,* Attorney General, for appellee, were not heard.

PER CURIAM:

No portion of the capital stock of the defendant company is employed in the manufacture of anything within this State. It does not manufacture, or pretend to manufacture, anything anywhere. Its capital is actually employed in purchasing raw material and paying another corporation for converting the same into a product which it sells. Though it was incorporated as a manu-facturing company, the correct conclusion of the court below was that it is "carrying on nothing more than a mercantile business."

Judgment affirmed.