(88 South. 251)

·No. 23067.

## STATE v. SOARD'S DIRECTORY CO., Limited.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Licenses** ⬬═➤19(4)—**City directory company held not a "manufacturer" within Constitution exempting manufacturer from occupational license tax.**

A city directory company engaged in compiling the names for the city directory and in selling the directories and advertising space therein, which turned the manuscript thus compiled with electrotypes and paper over to a bookbinding and bookprinting establishment, *held* liable for license tax under Act No. 171 of 1898, not being a "manufacturer" within Const. art. 229, exempting manufacturers from payment of occupational license tax.

[Ed. Note.—For other definitions, see Words and·Phrases, First and Second Series, Manufacturer.]

2. **Licenses** ⬬═➤19(4) — **"Manufacturer" within Constitution, exempting manufacturer from occupational license tax, not required to sell articles manufactured.**

It is not essential in order that a manufacturer be classed as such within Const. art. 229, exempting a manufacturer from payment of occupational license tax, that he should sell the articles he manufactures.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by the State of Louisiana against the Soard's Directory Company, Limited. Judgment for defendant, and plaintiff appeals. Judgment annulled, and rendered for plaintiff.

Carl C. Friedrichs, of New Orleans, for the State.

Charles T. Starkey, of New Orleans, for appellee.

O'NIELL, J. The tax collector appeals from a judgment rejecting his demand for delinquent license taxes for three years. Defendant had paid a license tax of $5 a year for each of the three years for selling city directories and advertising space therein. The business was then classed as that of a retail dealer, whose gross annual sales were less than $5,000, according to the Twenty-Fourth class of such dealers, under section 6 of Act 171 of 1898. The tax collector sued for an additional license tax of $145 for each of the three years, alleging that defendant's gross sales had amounted to more than $150,000 and less than $200,000 for each of the three years, and that the business therefore fell within the Fourteenth class, for which the license tax is $150 a year. The tax collector also claimed interest at 2 per cent. per month on each delinquent license tax from March 1st of the year in which it was due, under section 28 of the statute, and claimed the attorney's fee of 10 per cent. on the aggregate, as fixed by statute.

In answer to the suit, defendant pleaded that the corporation was a manufacturer of the city directories, and was therefore exempt from the payment of license taxes by article 229 of the Constitution. In the alter-

native, defendant alleged that the gross sales of the business for each of the three years in question exceeded $15,000, but were less than $20,000, which business came within the Twenty-Second class, for which the license tax is fixed at $15 a year, under section 6 of Act 171 of 1898. The district court declared defendant's business exempt from license taxation as that of a manufacturer.

The facts are not disputed. The gross sales of the business for each of the three years in question exceeded $15,000, but did not amount to as much as $16,000. The delinquency therefore amounts to only $10 for each of the three years in question, if defendant is not exempt from license taxation as a manufacturer. The attorney for the tax collector concedes, for the purpose of argument and decision of this case, that the proprietor of a printing and binding establishment who prints and binds city directories is a manufacturer of the books, and is therefore exempt from license taxation for the occupation under article 229 of the Constitution. The contention of the attorney for the tax collector is that, as defendant does not print or bind the directories, but merely furnishes the information and material with which they are made, and thereafter sells the books, defendant is not the manufacturer of the books.

Defendant employs 6 men regularly throughout the year, who do clerical work and solicit subscriptions and advertisements for the directory. During the busy season of each year, commencing on the 1st of October, defendant employs about 50 men, who go from house to house ascertaining the name, occupation, and street address of every resident of the city. The data thus collected is turned into the office, where experts arrange the names alphabetically and also classify them according to occupation or business. The manuscript thus compiled is turned over to the proprietor of a book printing and binding establishment in the city of New Orleans, who prints and binds the books under the direction and supervision of an officer of the defendant company. Defendant also furnishes the electrotypes and paper and binding material for making the books and pays the printer and binder a certain rate per hour for part of the work and by the task or job for other parts of the work. Defendant has a copyright on the directories for each year.

[1, 2] Our opinion is that defendant is not the manufacturer of the directories which defendant sells and in which defendant sells advertising space, and that the only business which defendant conducts is the selling of the books and advertising space. The proprietor of the printing and binding establishment in which the directories are printed and bound is the one who manufactures them. Defendant is the author of the books; and the furnishing of the electrotypes and paper and binding material, as well as the manuscript, from which the books are made, does not make defendant a manufacturer of the books. It is true, the proprietor of the printing and binding establishment in which the books are printed and bound does not sell them. But it is not essential that a manufacturer, to be classed as such, should sell the articles that he manufactures. As suggested in the brief of the attorneys for the tax collector, it might as well be said that a lawyer who furnishes to the printer, or pays for, all of the material, including the manuscript, for printing a brief, is the manufacturer of the brief, as to say that the defendant in this case is the manufacturer of the city directories.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that plaintiff recover of and from the defendant the sum of $30, with interest at 2 per cent. per month on each delinquent license tax of $10 from the 1st day of March, 1914,

'1915, and 1916, respectively, and 10 per cent. on the aggregate for the attorney's fee. Defendant, appellee, is to pay all costs of this suit.

SOMMERVILLE, J., takes no part, not having heard the argument.

DAWKINS, J., takes no part.