Directory Publishing Company, Inc., Appellant, *v.* Pittsburgh.

424

Argued April 15, 1965. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, and Hoffman, JJ. (Flood, J., absent).

*John G. Kish,* with him *Brennan & Brennan,* for appellant.

*Justin M. Johnson,* Assistant School Solicitor, with him *Niles Anderson,* School Solicitor, *Regis C. Nairn,* Assistant City Solicitor, and *David W. Craig,* City Solicitor, for appellee.

Opinion by Wright, J., June 17, 1965:

This is an appeal by Directory Publishing Company, hereinafter referred to as Directory, from a judgment entered in the County Court of Allegheny Coun-

ty following the dismissal of Directory's appeal from the assessment by the City of Pittsburgh of mercantile tax and license fees for the years 1948 to 1963. The pivotal issue is whether the activity in which Directory engages constitutes manufacturing.

The taxes here in question were imposed by ordinance enacted under the authority of the Act of June 25, 1947, P. L. 1145, as amended, 53 P.S. 6851 et seq., commonly known as the tax anything act, which provides that certain political subdivisions, including the City of Pittsburgh, may, in their discretion by ordinance for general revenue purposes, levy, assess, and collect taxes on persons, transactions, occupations, privileges, subjects and personal property within the limits of such political subdivisions, "except that such local authorities shall not have authority . . . (4) to levy, assess and collect a tax on goods and articles manufactured in such political subdivision or on the by-products of manufacture, or on minerals, timber, natural resources and farm products produced in such political subdivision or on the preparation or processing thereof for use or market, or on any privilege, act or transaction related to the business of manufacturing, the production, preparation or processing of minerals, timber and natural resources, or farm products, by manufacturers, by producers and by farmers with respect to the goods, articles and products of their own manufacture, production or growth, or on any privilege, act or transaction relating to the business of processing by-products of manufacture, or on the transportation, loading, unloading or dumping or storage of such goods, articles, products or by-products".

It should be noted that the words "shall not have authority" as used in the statute constitute a limitation on the power of the municipality to tax and are not in the nature of an exemption provision. Any doubt concerning the construction of the legislation

must therefore be resolved in favor of the taxpayer and against the city. See *Fischer v. Pittsburgh,* 383 Pa. 138, 118 A. 2d 157. The only testimony in the record is that of I. Stanley Wishoski who is the president of Directory. The factual situation is set forth in the following excerpts from the opinion below:

"It is clear from the uncontradicted evidence, and we find that the Directory Publishing Company, Inc. (hereinafter called 'Directory') is a Pennsylvania corporation located and doing business within the City and School District of Pittsburgh. Directory publishes and distributes a monthly magazine by name of 'Official Travel Guide of Pittsburgh'. The magazine consists of condensed time tables of air, bus and train schedules of particular interest to residents of the Pittsburgh district. Directory accomplishes the editorial work of obtaining information, preparing copy for the printer, making lay-outs, specifying ink, paper stock and style and size of type. Directory owns no printing machinery. Directory contracts the printing of its magazine with an independent contractor, and likewise contracts the binding of its magazine with an independent contractor. Directory's revenue is partly from advertising in its magazine and partly from subscription sales of its magazine . . .

"In its way of doing business Directory accomplishes editorial and distribution activities only. Printing of the magazine is contracted for. Binding of the magazine is contracted for. Directory prepares copy and lay-out for the printer and specifies size and style of type, ink and paper stock . . .

"Just what does Directory do? It has no factory. It owns no manufacturing equipment. It employs no artisans. Directory simply performs the editorial task of securing travel schedules and travel information from various sources, extracting the material relevant to the Pittsburgh area, preparing copy for the printer

and furnishing directions to the printer. It makes ready for the printer. The physical printing, however, is done by the independent contractor printer.

"Where art work is necessary, Directory engages artists and employs an independent contractor photo-engraver to make the etching or 'cut'. The only mechanical devices owned by Directory are office machines used in connection with mailing and subscription lists—an addressograph and graphotype to make the addressograph plates.

"Clearly these activities of Directory fall short of meeting the legal test of being a manufacturer. Manufacture, if any such there be, is accomplished by the printer. He is the one who risks his capital investment in a factory and in tools and machinery of production".

It is conceded by the city that it would not be entitled to the tax if Directory manufactures the magazine here involved. See *Titzel Engineering, Inc. Mercantile Tax Case*, 204 Pa. Superior Ct. 457, 205 A. 2d 700. It is the position of the city, however, that one who publishes a travel guide but does not print it is not a manufacturer. The city places particular reliance on *Hazen Engineering Co. v. Pittsburgh*, 189 Pa. Superior Ct. 531, 151 A. 2d 855, allocatur refused, 189 Pa. Superior Ct. xxviii. In that case Hazen, the appellant taxpayer, designed furnace recuperators for industrial customers and supervised their construction. The recuperators were made by a separate company in its own plant. We held "that the services rendered by the appellant in planning, laying-out, testing and supervising the manufacturing were engineering and inspecting services, but not manufacturing services".

It is significant that, in the *Hazen* case, we cited *H. M. Rowe Co. v. Beck*, 149 Md. 251, 131 A. 509. In that case the Rowe Company originated, typed, proofed and arranged into page form a book which it had printed in galley form by one independent contractor, elec-

tro-typed by another independent contractor, and bound in book form by a third independent contractor. It was held that, although each of the three independent contractors was engaged in manufacturing, the Rowe Company was not similarly engaged. Said the Maryland court: "A publisher may be a manufacturer, or he may not, accordingly as he does or does not manufacture the books, magazines or other printed matter which he publishes. But the mere fact that he is a publisher does not compel the inference that he is a manufacturer . . . for that must be determined, not by the name given the business, but by the character of the work done in the course of its operation". See also *State v. Soard's Directory Co.*, 148 La. 1013, 88 So. 251; *People ex rel. Jewellers' Circular Publishing Co. v. Roberts*, 155 N.Y. 1, 49 N.E. 248.

We will briefly mention certain contentions which Directory has advanced, the first of which is that the basic application of the statute is a tax on merchants who buy to sell. It is argued that Directory is not a "dealer" in the popular sense. The Act authorizes taxes on "persons, transactions, occupations, privileges, subjects, and personal property". A mercantile tax is a tax on the privilege of doing business in the taxing district: *Schnabel Company v. Pittsburgh*, 178 Pa. Superior Ct. 553, 116 A. 2d 73. It must be applied to Directory, since it is our view that Directory is not engaged in manufacturing.

We of course agree that the purpose of the exclusion was not to burden Pennsylvania manufacturers with an additional tax because of competition with products of other states. See *Pillsbury Mills v. Pittsburgh*, 408 Pa. 369, 184 A. 2d 236. However, we do not attach significance to the definition of "manufacture" in the Tax Act of 1963 for Education. Act of May 29, 1963, P. L. 49, 72 P.S. 3403-2. It seems logical to reason that the legislature was aware that publishing

was not manufacturing under prior statutes, and expressly intended that it be so considered for purposes of the sales tax. See *Commonwealth v. Sitkin's Junk Co.*, 412 Pa. 132, 194 A. 2d 199. Similarly, the Act of August 23, 1961, P. L. 1100, 72 P.S. 1871, amending the capital stock and franchise tax act of 1889, excludes both manufacturers and processors, and publishing is listed in the latter category.

Directory also argues that it has been "judicially determined that corporations engaged in the publishing business have been considered manufacturing corporations", citing *Messenger Publishing Co. v. Allegheny County Board,* 183 Pa. Superior Ct. 407, 132 A. 2d 768. All that we decided in that case was that the structure in which a newspaper is printed constitutes an industrial plant, and is a manufacturing establishment. We are concerned in the case at bar with a publisher who has no plant and does not print his publication. The *Messenger* case is therefore not helpful to Directory's cause.

Directory further argues "that it is organized and operates under Pennsylvania law as a publisher and that a publisher is a manufacturer". However, the language of Directory's charter[1] does not control tax consequences. See *Tax Review Board v. Brine Corp.,* 414 Pa. 488, 200 A. 2d 883; *Jefferson Grocery Co. v. Pittsburgh School District,* 394 Pa. 110, 145 A. 2d 720. It has been held that a corporation chartered for the purpose of manufacturing is actually not so engaged when it merely purchases raw material and pays another

---

[1] Directory was organized for the purpose or purposes of "Conducting and transacting a general printing, advertising and publication business; and in connection therewith to print, publish, issue and advertise directories, books, magazines, catalogues, trade journals, retail correspondence courses, circulars and similar and kindred matters and to do and perform all things necessary and incidental thereto".

corporation to convert it into a manufactured product: *Commonwealth v. Williamsport Rail Co.*, 250 Pa. 596, 95 A. 795.

Finally, we perceive no merit in Directory's constitutional argument that the ruling of the lower court makes it possible for the taxing authorities to levy a tax on the publication of news and other information on a discriminatory basis. In the words of President Judge LENCHER: "Freedom of the press may not be converted into license to escape commercial regulations affecting persons engaged in a normal ordinary business pursuit, such as a vendor of wares and merchandise, including pamphlets, booklets, and printed directories".

To summarize, Directory's activity, as stated in its brief, is "producing the monthly magazine". Directory has no factory. It owns no manufacturing equipment. It employs no artisans. It does not print or physically create the finished product. As previously indicated, we agree with the court below that the intellectual and editorial services performed by Directory do not constitute manufacturing.

Judgment affirmed.

