**ENCYCLOPAEDIA BRITANNICA, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

**No. 49T10–9411–TA–00259.**

Tax Court of Indiana.

April 17, 1996.

Paul M. Pittman, Baker, Siegel & Page, Indianapolis, for Petitioner.

Pamela Carter, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Encyclopaedia Britannica, Inc. (EBI) appeals the final determination of the State Board of Tax Commissioners (the State Board) denying it an inventory exemption under IND.CODE 6–1.1–10–29(b) for the March 1, 1993, assessment date.

## ISSUE

EBI presents two issues for the court's consideration. Because one of those issues is dispositive of the case, the court will address that issue only: whether EBI is a "manufacturer" or "processor" of encyclopedias and other educational and informational books under I.C. 6–1.1–10–29(b).

## FACTS

### A. EBI's Editorial Work

EBI publishes and sells encyclopedias and other educational and informational books. Because new information is constantly being discovered, EBI finds it necessary to revise, update, and print new editions of its books on a regular basis. Accordingly, EBI collects information from locations all over the world and incorporates that information into new editions of its books by performing editorial work. Editorial work is accomplished using computers and involves: 1) word processing (adding, deleting, and modifying text); 2) redesigning the layout of pages; and 3) positioning photos, illustrations, and diagrams among text. When the editorial work is completed, EBI's computer prints out copies of new and/or revised pages on paper. EBI then photographs the new and/or revised pages and forwards film images of them to various book printing and binding companies.

### B. RRD's Printing and Binding Work

R.R. Donnelley & Sons (RRD) is a book printing and binding company located in Crawfordsville, Indiana. From time to time, EBI hires RRD as an independent contractor to print, bind, and mass produce some of its books. On such occasions, RRD receives film images of EBI's new and/or revised pages and uses those film images to make metal printing plates.[1] RRD then uses the

---

1. The film images of EBI's new and/or revised pages are "burned" onto the metal printing

metal printing plates to print the pages to be included in EBI's books. When the pages are ready, RRD binds them together and adds a cover to make a completed book. RRD places completed books into shipping boxes and stores them in its warehouse until EBI directs that they be shipped to certain locations.

### C. EBI's Direction and Control of RRD's Work

EBI directs and controls RRD's printing and binding work to the extent that EBI: 1) establishes a production schedule with which RRD must comply, 2) establishes product specifications with which RRD must comply, 3) inspects the quality of materials supplied and used by RRD, and 4) inspects samples of both work in progress and completed books.

### PROCEDURAL HISTORY

For the March 1, 1993, assessment date, EBI filed a Business Personal Property Tax Return (Form 103–L) and a Return of Personal Property in Warehouses Claimed to be Exempt from Assessment (Form 103–W). In its Form 103–W, EBI claimed an exemption for completed books stored in RRD's warehouse on the assessment date. As a result, EBI reported that it owned personal property in Indiana with an assessed value of $35,330.

After reviewing EBI's tax returns, the State Board determined that the books stored in RRD's warehouse did not qualify for the claimed exemption. Consequently, the State Board increased the assessed value of EBI's personal property for the March 1, 1993, assessment date to $346,700. EBI protested the assessment. An administrative hearing was held, and the State Board issued a final determination affirming the increased assessment.

Dissatisfied with the State Board's final determination, EBI filed this original tax appeal on November 9, 1994. It filed a motion for summary judgment on May 1, 1995. EBI's motion for summary judgment is now before the court.

plate.

### STANDARD OF REVIEW

 A motion for summary judgment will be granted "only when there is no genuine issue of material fact and a party is entitled to judgment as a matter of law." *Harlan Sprague Dawley, Inc. v. Indiana Dep't of State Revenue*, 605 N.E.2d 1222, 1224 (Ind.Tax 1992); Ind.Trial Rule 56(C). "If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment." *Id.*

### DISCUSSION & ANALYSIS

EBI maintains that the books stored in RRD's warehouse on the March 1, 1993, assessment date are exempt from taxation under I.C. 6–1.1–10–29(b), which provides:

> Personal property owned by a *manufacturer or processor* is exempt from property taxation if the owner is able to show by adequate records that the property is stored and remains in its original package in an in-state warehouse for the purpose of shipment, without further processing, to an out-of-state warehouse.

(Emphasis added). The State Board, however, maintains that EBI's books are not exempt from taxation because EBI was not the "manufacturer" or "processor" of the books.

The terms "manufacturer" and "processor," as they are used in I.C. 6–1.1–10–29(b), are defined as:

> a person that performs *an operation or continuous series of operations on raw materials, goods, or other personal property*[2] *to alter the raw materials, goods, or other personal property into a new or changed state or form.* The operation may be performed by hand, machinery, or a chemical process *directed or controlled* by an individual.

I.C. 6–1.1–10–29(a) (emphases added). Relying on this definition, EBI argues that it is the "manufacturer" or "processor" of the books at issue because it performed a *series of operations* necessary to create them. In the alternative, EBI argues that it must be

---

**2.** The term "personal property" means *tangible* property other than real estate. I.C. 6–1.1–1–11(a)(6).

considered the "manufacturer" or "processor" of the books at issue because it *directed or controlled* RRD's manufacturing operations.[3] The court rejects both arguments.

### A. EBI Does Not Perform Operations on Tangible Personal Property

█ There is no doubt that EBI performed a series of operations (editorial work) necessary to create the books at issue. Those operations, however, were not performed on *raw materials, goods, or other tangible personal property* as required by I.C. 6–1.1–10–29(a).

While EBI insists that it takes already existing, outdated books and, by performing editorial work, changes them into revised, updated books, the court is not persuaded. EBI does not take actual books and change their state or form. EBI takes *information* and revises and updates that information. While the information that EBI revises and updates happens to be printed in already existing books, the existence of those books is really irrelevant. EBI's editorial work is performed on information, not on books. Put another way, EBI's editorial work is not a manual, mechanical, or chemical operation performed on books. *See* I.C. 6–1.1–10–29(a). EBI's editorial work is an intellectual or cerebral operation performed by composing and arranging facts, ideas, and words.

█ Because EBI's editorial work is not an operation performed on raw materials, goods or other tangible personal property, EBI's editorial work does not make it a "manufacturer" or "processor" under I.C. 6–1.1–10–29.[4] *See also H.M. Rowe,* 149 Md. 251, 131 A. 509 (publishing company that composed and arranged the contents of books but hired an independent contractor to print, bind, and mass produce them, was not engaged in manufacturing); *State v. Soards Directory Co.,* 148 La. 1013, 88 So. 251 (1921) (publisher and seller of directories was not the manufacturer of those directories; it merely collected data and authored the manuscript from which another manufactured the directories).

### B. The Exemption Provided by I.C. 6–1.1–10–29(b) Does Not Extend to Those Who Simply Relegate Manufacturing Work to Others

█ EBI insists that the language "directed or controlled by an individual" in I.C. 6–1.1–10–29(a) establishes that persons who relegate manufacturing work to others are entitled to claim the exemption provided by I.C. 6–1.1–10–29(b)—so long as those persons direct and control the others' work. Accordingly, EBI would have this court read I.C. 6–1.1–10–29(a) as conferring the status of "manufacturer" on two types of persons: 1) persons who themselves perform manufacturing work, and 2) persons who direct and control the manufacturing work they relegate to others. The court rejects such a reading of I.C. 6–1.1–10–29(a).

The language of I.C. 6–1.1–10–29(a) is unambiguous. The first sentence provides that

---

**3.** For the sake of argument, the court will assume that RRD's operations constitute manufacturing or processing.

**4.** Because the court finds that EBI does not perform operations on raw materials, goods, or other tangible personal property, it is not necessary to address EBI's arguments that it is a "manufacturer" or "processor" because it: 1) uses machinery (computers) to perform its editorial work, and 2) photographs its new and/or revised pages thereby changing unexposed film (which is tangible personal property) into film images. Nevertheless, the court points out that (1) not all operations performed with the assistance of machinery constitute manufacturing or processing. The concepts of manufacturing and processing are not ordinarily used to describe the creation of written documents and manuscripts, which are "products by labor entirely or mainly intellectual, literary, or clerical in character," notwithstanding the fact that written documents and manuscripts may be created with the aid of a typewriter or computer. *See H.M. Rowe Co. v. Beck,* 149 Md. 251, 131 A. 509, 511 (1925). The court also points out that (2) the creation of any written document or manuscript usually involves some incidental change in tangible personal property. It is virtually impossible to preserve written words without, at least, changing a blank piece of paper into a piece of paper printed with words. Such an incidental change in paper, however, does not make the author or editor of a written document or manuscript a "manufacturer" or "processor," and the court is not persuaded that the author or editor of a written document or manuscript becomes a "manufacturer" or "processor" simply by transferring his written words from paper to film.

in order for a person to qualify as "manufacturer" or "processor," that person must perform "an operation or continuous series of operations on raw materials, goods, or other [tangible] personal property to alter the raw materials, goods, or other [tangible] personal property into a new or changed state or form." The second sentence in I.C. 6–1.1–10–29(a) provides that the operation or continuous series of operations referred to in the first sentence of I.C. 6–1.1–10–29(a) may be performed by: 1) hand, 2) machinery, or 3) a chemical process directed or controlled by an individual.

By no stretch of the imagination can the second sentence of I.C. 6–1.1–10–29(a) be taken to extend the status of "manufacturer" or "processor" to persons who "direct and control" the manufacturing work they relegate to others. The second sentence simply explains that the term "operation," as it is used in the first sentence, is not limited to manual operations, but includes mechanical operations and chemical operations performed by individuals as well. Indeed, while the concept of manufacturing was once understood to include only the making of prod-

ucts by hand, workmanship and art have advanced to the point that the concept of manufacturing now includes the making of products by machinery and the making of products by "chemical processes devised and directed by human skill." *Black's Law Dictionary* 869 (5th ed. 1979); *H.M. Rowe*, 131 A. at 512.

### CONCLUSION

Although EBI is engaged in a worthy venture, the work that it performs does not constitute manufacturing or processing. Accordingly, EBI is not the "manufacturer" or "processor" of the books at issue, and the books at issue are not exempt from property taxation under I.C. 6–1.1–10–29(b). Summary judgment is entered in favor of the State Board and against EBI.