J-S20038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER M. HARMONY | : | |
| | : | |
| Appellant | : | No. 1378 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 7, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001984-2019

BEFORE: NICHOLS, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED AUGUST 02, 2021**

Appellant Christopher M. Harmony ("Harmony") appeals from the judgment of sentence imposed following his conviction of persons not to possess a firearm.[1] After careful review, we affirm.

Following the execution of a search warrant on an address on Ruby Lane in Robeson Township, Berks County, Pennsylvania, police recovered a small black and silver handgun in the attic of the residence. N.T., 6/22/20, at 39. Carrie Strauch ("Strauch"), the resident of the home and a paramour of Harmony, had directed police to the attic, where police located the gun wrapped in a blue grocery bag. *Id.* at 39-40. Following the recovery of the firearm, police obtained a search warrant for Strauch's cellular telephone. As a result of the search of the cellular telephone, police located a text

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

conversation between Strauch and Harmony, in which Harmony asked Strauch if she had "put that thing up." *Id.* at 44, 47, 48. Strauch responded "in my attic." *Id.* at 48. Police obtained another search warrant for the hotel room in which Harmony and another paramour, Amy Starzmann ("Starzmann"), were staying and found, *inter alia*, magazines and ammunition consistent with the firearm found in Strauch's attic. *Id.* at 54.

Detective Matthew Smith ("Detective Smith") interviewed Harmony. Harmony acknowledged that although he did not currently have the firearm, he had previously purchased a .380 pistol from a friend named Andy. *Id.* at 58-60. He explained that he gave the firearm to Strauch because of his concern that Starzmann's ex-husband was going to tell police that Harmony was in possession of a firearm. *Id.* at 60. During the interview, Harmony did not have slurred speech, appear confused, or otherwise indicate that he was incapable of having a cogent and truthful conversations with Detective Smith, or was impaired in any manner. *Id.* at 65.

Harmony was arrested and charged with persons not to possess firearms and receiving stolen property.[2] Following trial, a jury convicted Harmony of persons not to possess a firearm. The trial court sentenced Harmony to fifty-four months to ten years in prison. Harmony did not file any post-sentence motions. Harmony filed a timely Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

---

[2] The receiving stolen property charge was withdrawn by the Commonwealth prior to trial.

Harmony presents the following issues for our review:

1. Should the verdict be overturned, and [Harmony] offered a new trial because there was no supporting evidence presented at trial that [Harmony] physically possessed the weapon at issue in this matter?

2. Should the verdict be overturned, and [Harmony] afforded a new trial because there was no forensic evidence presented at trial to corroborate that [Harmony] physically possessed the weapon at issue in this matter?

3. Did [the][c]ourt commit judicial error by sentencing [Harmony] to fifty-four (54) months to ten (10) years based on the evidence presented at trial?

Brief for Appellant at 4.

Harmony first claims that the evidence was insufficient to sustain his conviction, because the Commonwealth failed to present any testimony or evidence that Harmony actually possessed the firearm.[3] Brief for Appellant at 10. Specifically, Harmony argues that although the Commonwealth established that Harmony was present in the home with the gun, other individuals also had access to the home. *Id.* at 11. Harmony further asserts that the Commonwealth failed to check the weapon for fingerprints to determine whether his fingerprints were on the weapon. *Id.* Harmony additionally posits that the failure to interview Starzmann is "of most

_____

[3] Although Harmony set forth three issues in his statement of questions involved, the argument section of his brief contains only one section. *See* Pa.R.A.P. 2119(a) (requiring the argument section to be divided into as many parts as there are questions to be argued).

- 3 -

concern[,]" because she had access to the home from which the gun was taken, and a matching magazine was found inside a box containing her dog's ashes in Harmony's hotel room. *Id.* Finally, Harmony claims that the circumstantial evidence was insufficient to link Harmony to the crime of which he was accused. Brief for Appellant at 11.

Our standard of review when presented with a challenge to the sufficiency of the evidence is as follows:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. ... When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (citations omitted). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Commonwealth v. Moreno*, 14 A.3d 133, 136 (Pa. Super. 2011) (citations omitted). Additionally, "[t]he fact finder is free to believe all, part, or none of the evidence presented at trial." *Id.*

Pursuant to 18 Pa.C.S.A. § 6105, an individual who has committed one of the enumerated offenses may not "possess, use, control, transfer or manufacture … a firearm in this Commonwealth." 18 Pa.C.S.A § 6105(a)(1). The parties in this case stipulated that Harmony plead guilty to an

- 4 -

enumerated felony in 2014, and because of this particular felony conviction, Harmony was legally ineligible to possess, use, or control firearms. Stipulation of Facts, Commonwealth's Exhibit, No. 59.

In the instant case, because Harmony was not in physical possession of the firearm in question,

> the Commonwealth was required to establish that he had constructive possession of the seized item to support his convictions. *See **Commonwealth v. Kirkland***, 831 A.2d 607, 611 (Pa. Super. 2003) (holding where contraband a person is charged with possessing is not found on person, Commonwealth required to prove constructive possession). Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. ***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa. Super. 2004).

> Constructive possession may be proven by circumstantial evidence and the "requisite knowledge and intent may be inferred from examination of the totality of the circumstances." ***Commonwealth v. Clark***, 746 A.2d 1128, 1136 (Pa. Super. 2000) (quoting ***Commonwealth v. Haskins,*** []677 A.2d 328, 330 (Pa. Super. 1996)). Moreover, we review circumstantial evidence under the same standard as direct evidence, *i.e.*, that a decision by the trial court will be affirmed "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Commonwealth v. Johnson***, 818 A.2d 514, 516 (Pa. Super. 2003) (citations omitted).

***Commonwealth v. Smith***, 146 A.3d 257, 263 (Pa. Super. 2016).

At trial, the Commonwealth presented, *inter alia*, the testimony of Detective Smith. Detective Smith testified that he read Harmony his

*Miranda*[4] Rights and interviewed him. N.T., 6/22/20, at 57. During the interview, Harmony admitted that he had possessed the firearm and told Detective Smith that he purchased the firearm from his friend, Andy, for one hundred dollars.[5] *Id.* at 59. Harmony further admitted that he had purchased the firearm because people were out to get him, and that he knew he was not permitted to possess the firearm. *Id.* at 60. According to Detective Smith, Harmony also stated that he, acting alone, took the firearm to Strauch's home, because of his concern that Starzmann's ex-husband was going to inform the police that he was in possession of a weapon. *Id.* Harmony explained to Detective Smith that he had removed the magazines from the firearm because Strauch had young children and he did not believe it was safe to leave a loaded firearm at Strauch's home. *Id.* Detective Smith also testified that he did not order forensic work to be done on the weapon based upon Harmony's admission that he possessed the weapon. *Id.* at 64. Detective Smith confirmed that Harmony did not have slurred speech, appear confused, or indicate in any other way that he was incapable of having a cogent and truthful conversation. *Id.* at 65. Finally, the Commonwealth also presented evidence that Harmony texted Strauch inquiring as to whether she had put the gun away. *Id.* at 48.

---

[4] *Commonwealth v. Miranda*, 384 U.S. 436 (1966).

[5] The firearm recovered by police was registered to Andrew Biel. N.T., 6/22/20, at 40.

From the above testimony and evidence, it was reasonable for the jury to infer that Harmony possessed the firearm and gave it to another individual to "put it up" for him.  Accordingly, we conclude the Commonwealth presented sufficient circumstantial evidence establishing that Harmony constructively possessed the firearm.[6]

To the extent Harmony argues that his conviction is against the weight of the evidence, we adhere to the following standard of review:

> Before a trial court may award a new trial on the ground that the [verdict is against the weight of the evidence,] it must appear that the verdict was so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative. When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited.  Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based upon pure conjecture, these types of claims are not cognizable on appellate review.

**Commonwealth v. Hunter**, 554 A.2d 550, 555 (Pa. Super. 1989) (citations omitted).  "Appellate review of a weight claim is a review of the exercise of discretion [of the trial court], not of the underlying question of whether the verdict is against the weight of the evidence."  **Widmer**, 744 A.2d at 753. Thus, challenges to the weight of the evidence must be raised with the trial

---

[6] In his brief, Harmony indicates that both he and Strauch testified that Starzmann was the individual who possessed the weapon.  Brief for Appellant at 7,8; N.T., 6/22/20, at 82, 90.  The jury chose not to credit that testimony. "It is a basic tenant of our judicial system that issues of credibility are left solely to the jury for resolution, and the jury is free to believe all, part, or none of the testimony presented."  **Commonwealth v. Kerrigan**, 920 A.2d 190, 198 (Pa. Super. 2007).

court before sentencing or in a post-sentence motion. *See* Pa.R.Crim.P. 607(A) (stating that challenges to the weight of the evidence must be raised with the trial court before sentencing or in a post-sentence motion); Pa.R.A.P. 302(a) (stating that issues not raised before the trial court are waived and cannot be raised for the first time on appeal); *Commonwealth v. Sherman*, 982 A.2d 483, 494 (Pa. 2009) (holding that the appellant waived his weight of the evidence claim by not raising it before the trial court). Here, Harmony failed to raise the issue before the trial court, at sentencing, or in a post-sentence motion. Thus, the claim is waived.[7]

Harmony also appears to appeal the discretionary aspects of his sentence. Brief for Appellant at 12-13. A challenge to the discretionary aspects of sentence is not reviewable as of right. *Commonwealth v. Leatherby* 116 A.2d 73, 83 (Pa. Super. 2015). An appellant must satisfy the following four-part test to invoke this Court's jurisdiction when presenting a challenge to the discretionary aspects of sentence:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

---

[7] Even if Harmony had properly preserved the issue for review, we would conclude it lacks merit for the reasons set forth in the trial court Opinion. *See* Trial Court Opinion, 1/8/21, at 3 (unnumbered). Moreover, the verdict does not shock this Court's sense of justice. *See Hunter*, *supra*.

***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013).

Harmony failed to raise the issue at the time of sentencing, nor did he file any post-sentence motions. N.T. (sentencing), 10/7/20. Further, he failed to include a Pa.R.A.P. 2119(f) statement in his appellate brief, and the Commonwealth has objected to this deficiency. Thus, we find Harmony has waived this issue.[8] ***Commonwealth v. Keisel***, 854 A.2d 530, 532-33 (Pa. Super. 2004) (holding that where the Commonwealth objects to the omission of a Pa.R.A.P. 2119(f) statement, this Court is precluded from reviewing the merits of the claim and the appeal must be denied).

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/2/2021

---

[8] Even if we were to overlook Harmony's failures to preserve the issue and file a Pa.R.A.P. 2119(f) statement, Harmony would be due no relief. Harmony fails to cite any case law or engage in any meaningful discussion or analysis in support of his argument, and we would find the issue waived on those grounds. ***See Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.")